# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HIDDEN VALLEY LAKES | ) | Case No. 1:26-bk-02432 |
| TRUSTEES, INC., | ) | Chapter 11, Subchapter V |
| | ) | Judge Mashburn |
| Debtor. | ) | |
| | ) | |
| | ) | |
| CHRISTINE OWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 1:26-ap-90059 |
| | ) | |
| PHILLIP G. YOUNG, JR., | ) | |
| McLEMORE AUCTION COMPANY, | ) | |
| LLC, and WILL McLEMORE, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants Phillip G. Young, Jr. (the "**Receiver**"), McLemore Auction Company, LLC (the "**Auction Company**"), and Will McLemore collectively submit this Response to the Motion for Leave to File Second Amended Complaint filed by Plaintiff Christine Owen.[1] While leave to amend is generally be freely given "when justice so requires," denial of a request to amend is appropriate "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011). Here, the Motion should be denied because amendment would be futile and would result in prejudice to the Defendants.

---

[1] While the Motion is labeled as being filed by Plaintiffs *plural* – Christine Owen and God's Country Farm, Inc. – the latter technically is not a party to this action because Owen sought to add it by way of the purported Second Amended Complaint which, as set out in the Motion to Strike [D.E. 6], was improperly filed.

The proposed amendment would be futile because, like the First Amended Complaint, the Second Amended Complaint fails to state a claim under the *Barton* doctrine. As set out in more detail in each of the Defendants' separate but related Motions to Dismiss [D.E. 9, 11], before suit is brought against a receiver, leave of the appointing court must be obtained. *Barton v. Barbour*, 104 U.S. 126 (1881). That requirement is a product of federal common law known as the *Barton* doctrine, but a nearly identical requirement has been codified into state law by the Tennessee General Assembly. Tenn. Code Ann. § 29-40-118. The Second Amended Complaint does not allege – and cannot allege – that Owen or God's Country Farm, Inc. ("**God's Country**") obtained leave of the Hickman County Chancery Court before bringing these claims against the Receiver or his agent, the Auction Company. [*See generally*, D.E. 3]. Setting aside the *Barton* doctrine, the amendment is also futile with respect to Owen's standing. She was not the purchaser of the lot at issue in this lawsuit. [D.E. 9-2].[2] Therefore, she could not have been injured by any purported misrepresentations, and thus has not suffered a concrete, particularized injury. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). While the Second Amended Complaint adds God's Country, Owen herself still asserts claims for which she has no standing, and the amendment does not alter the fundamental standing deficiency as to her.

While futility alone is sufficient grounds to deny the Motion, it should also be denied because the amendment would result in prejudice to the Defendants by greatly expanding the scope of this case. Owen and God's Country claim the amendment "does not alter the fundamental nature of the action or inject new causes of action" [D.E. 12], but adding a new party, expanding factual allegations, and introducing 13 new exhibits substantially enlarges the scope of the controversy

---

[2] The Second Amended Complaint concedes that God's Country, not Owen, was the purchaser at the auction. [D.E. 3 ¶ 2]. That Owen swore under penalty of perjury in filing the Original Complaint and First Amended Complaint that she was the buyer [D.E. 1-2, pp. 12, 40] raises questions about whether the lawsuit was filed in good faith, which is another consideration in ruling on a motion to amend. *Carson*, 633 F.3d at 495.

and requires Defendants to expend additional resources responding. It is further worth noting that Owen did not move for leave to amend before filing the Second Amended Complaint; she filed it unilaterally and only requested leave of this Court after Defendants moved to strike. This "file first, ask permission later" approach undermines the purpose of Rule 15(a)(2).

Because the Second Amended Complaint seeks to greatly expand the universe of the lawsuit and does not cure the *Barton* doctrine issue, the Motion for Leave to Amend should be denied.

Respectfully submitted,

/s/ Sarah M. Ingalls
Sarah M. Ingalls (#38383)
THOMPSON BURTON PLLC
Palmer Plaza
1801 West End Ave, Suite 1550
Nashville, Tennessee 37203
(615) 716-2286
singalls@thompsonburton.com

*Counsel for Phillip G. Young, Jr., Receiver for Hidden Valley Lakes Trustees, Inc.*

and

/s/ Stephen M. Montgomery
Stephen M. Montgomery (#26489)
Dickinson Wright PLLC
424 Church Street, Suite 800
Nashville, Tennessee 37219
Tel:     (615) 620-1712
Fax:     (844) 670-6009
smontgomery@dickinsonwright.com

*Counsel for McLemore Auction Company, LLC and Will McLemore*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 29th day of June, 2026, a true and correct copy of the foregoing document was electronically filed and is available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system at the email addresses stated below:

Thomas I. Bottorff
5110 Maryland Way, Suite 120
Brentwood, Tennessee 37027
tib@bottorffkavin.com

*Counsel for Christine Owen*
*and God's Country Farm, Inc.*

Stephen M. Montgomery
424 Church Street, Suite 800
Nashville, Tennessee 37219
smontgomery@dickinsonwright.com

*Counsel for McLemore Auction Company,*
*LLC and Will McLemore*

*/s/ Sarah M. Ingalls*
Sarah M. Ingalls